IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM HARRISON ALSTON,         )
    Plaintiff,                   )
                                 )
vs                               )   C.A. No. 05-168 ERIE
                                 )   District Judge McLaughlin
DEBRA FORSYTH, et al.,           )   Magistrate Judge Baxter
    Defendants.                  )

**MOTION TO VACATE JUDGMENT AND REINSTATE
CIVIL RIGHTS ACTION PURSUANT TO FED.R.CIV.PROC. RULE 60(b)**

**NOW COMES** the Plaintiff, William Harrison Alston, proceeding by and in pro se, hereby respectfully moves this Honorable Court to vacate judgment and order dismissing his civil rights action entered on or about August 15, 2005, and reinstate said complaint pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In support thereof, the Plaintiff states as follows:

I.                          **PRO SE STATUS**

Plaintiff is an inmate at the Federal Correctional Institution, located in Petersburg, Virginia [FCC Petersburg Low]. Due to his lack of knowledge in the area of law and the complexity of the issues raised herein, Plaintiff lacks the ability to compete with the defendants force of attorney's and, respectfully requests that his pro se pleadings be liberally construed as a matter of fairness and justice, so requires. See, **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972).

II.                    **PROCEDURAL HISTORY**

On or about May 27, 2005, Plaintiff initiated his civil rights action, and motions to proceed in forma pauperis and for the appointment of counsel, before this Honorable Court. On this same date, the aforementioned complaint and other matters were referred to Magistrate Judge Susan P. Baxter for the issuance of a Report and Recommendation.

On June 2, 2005, Magistrate Judge Baxter, determined that Plaintiff had an average monthly balance of $495.29 in his "inmate prison account" at FCC-Petersburg, recommended that Plaintiff's motion for leave to proceed in forma pauperis be denied, and ordered that written objections to the report be filed within ten (10) days of service.

On or about June 17, 2005, the Plaintiff filed objections to the Magistrates June 2, 2005, report and recommendation as directed. In doing so, Plaintiff requested that he be allowed to pay the required filing fees in installments due to his incarcerated status, and release preparation plans.

On June 29, 2005, Magistrate Judge Baxter issued her report and recommendation order denying Plaintiff's motion to proceed in forma pauperis and further ordered that Plaintiff pay the filing fee in the amount of $250.00 on or before July 15, 2005. In doing so, the Court provided the Plaintiff a "notice to pro se/prisoner filers" of its new Case Management/Electronic Case Filing System and attached excepts of the Court's policy and local rule changes for pro se and prisoner filings which became effective July 1, 2005.

On or about July 26, 2005, Magistrate Judge Baxter in a report and recommendation, issued an order that Plaintiff's civil rights action be dismissed for failure to prosecute, as Plaintiff had failed to pay the $250.00 filing fee as directed in her June 29, 2005 report and recommendation. On this same date, the Honorable Sean J. McLaughlin adopted Magistrate Judge Baxter's report and recommendation as entered on June 2, 2005, as the opinion of the court. Thereafter, on August 15, 2005, the Honorable Judge McLaughlin issued an order dismissing Plaintiff's case.

On or about April 10, 2006, the Plaintiff after having obtained the assistance of a jailhouse lawyer resubmitted his civil rights complaint and other pleadings as alleged supra., to be filed with this Honorable Court. In doing so, Plaintiff submitted a letter to the Clerk's office notifying the court that he was resending his civil rights complaint, and an attached copy of his "Form - 24" ["Inmate Account Withdrawal Form"] for the withdrawal of the $250.00 filing fee to be paid to this Honorable Court.

However, on May 2, 2006, Plaintiff received notice from the Clerk's Office notifying him that his check was returned because his case was dismissed on August 15, 2005. Thereafter, on May 3, 2006, Plaintiff received notice that on April 26, 2006, the Magistrate Judge Baxter entered an order dismissing as moot his motion to appoint counsel, as case was dismissed on August 15, 2005.

This instant motion to vacate judgment and reinstate civil rights action pursuant to Fed.R.Civ.Proc., Rule 60(b) follows:

III.                STATEMENT OF JURISDICTION

This Court's jurisdiction is invoked pursuant to Federal Rules of Civil Procedure, Rule 60(b), which provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons... (b)(1)- mistake, inadvertence, surprise, or excusable neglect,"... or for,
>
> (b)(6)- any other reason obviously justifying relief from the operation of the judgment.

See, Fed.R.Civ.Proc., Rule 60(b) (2005) (emphasis added).

The Rule further provides that "the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment order or proceeding was entered or taken... See, id.

Because Plaintiff is seeking to vacate this Court's judgments of July 26 and August 15, 2005, pursuant to Fed.R.Civ.Proc., Rule 60(b)(1) and (6), his motion is timely and proper, and allows this district court to vacate its own final judgment as required in the interests of justice. See **Kelly v. Geer**, 334 F.2d 434 (3rd Cir. 1964).

Moreover, the Plaintiff has in fact stated meritorious claims in his civil rights action upon which relief could ultimately be granted, and this Court has a duty to vacate a prior order of dismissal when required in the interests of justice. Id.

IV.                                  **ARGUMENT**

    A.    **Plaintiff Is Entitled To Vacatur Of Judgment Under Rule 60(b), In That, His Confusion And Misunderstanding Of The Procedural Requirements Shows "Excusable Neglect" And Warrants Relief.**

    Federal Rules of Civil Procedure, Rule 60(b) authorizes the district courts to relieve a party to a civil action from the force of a final judgment, like in this instant case, on grounds of mistake, inadvertence, surprise, or excusable neglect. The rule further provides relief "for any other reason justifying relief from the operation of the judgment." See, Fed.R.Civ.P., Rule 60(b) [2005].

    In this instant case, the Plaintiff argues that he is entitled to relief from this court's final judgment and order as entered on August 15, 2005, dismissing his civil rights complaint for failure to prosecute, which was premised on Plaintiff's failure to pay the required filing fee of $250.00 on or before July 15, 2005, as ordered in Magistrate Judge Baxter's June 29, 2005 report and recommendation, in which, Plaintiff did not receive until July 5, 2005 due to the U.S. Mail Postal Service and Prison Officials observance of the 4th of July Holiday.

    Moreover, Plaintiff submits that because he did not have the assistance of professional legal counsel, nor any other legal assistance; nor possessed knowledge and understanding in the area of law or, this court's procedural requirements, he was unable to challenge the proceedings after June 17, 2005, at which time the jailhouse lawyer assisting him was transferred to another institution.

Furthermore, Plaintiff had became confused with this court's new Case Management Electronic Filing System for pro se and prisoner filer's, in that, the Plaintiff was under the assumption that he had to have access to a computer and internet services in order to pay the filing fees electronically. However, Plaintiff did not have access to a computer nor the internet to pay the required filing fees. Nor, does the prison system provide such luxury or services for inmate in the federal prison system.

Even had the Plaintiff received this court's June 29, 2005 order directing him to pay the $250.00 filing fee on or before July 15, 2005 any earlier than July 5, 2005, he still would not have been able to meet the short - deadline, because of the prison's $2\frac{1}{2}$ to 4 week processing time [that can exceed to five weeks or more depending on the availability of staff] for the withdrawal of funds from an inmate account to pay the required filing fee by July 15, 2005.

Accordingly, the Plaintiff submits that he has shown excusable neglect for his failure to pay the required filing fee, in this case. Moreover, it is clear that this court when ordering and setting the time frame for the Plaintiff to pay the filing fee, the court not take Plaintiff's conditions of confinement into consideration, before making its final determination to dismiss Plaintiff's civil rights complaint.

Indeed, the fact hat a defendant was misled by certain procedural requirements, resulting in his failure to file a timely answer, or other technical failure, has been a proper consideration by the courts

in determining whether to grant relief under 60(b).  See, **Hamilton v. Leavy**, 117 F.3d (3rd. Cir. 1997), see also, **Wallace v. McManus**, 776 F.2d 915, 197 (10th Cir. 1985) (Rule 60(b) applied to pro se litigants who are confused or misinformed about legal procedures); and **Marshall v. Monroe & Sons, Inc.**, 615 F.2d 1156, 1160 (6th Cir. 1980) (relief granted to pro se litigant based on his misunderstanding of procedures).

As the instant case presents, Plaintiff was certainly confused and misunderstood the court's order and notice of its new Case Management Electronic Filing System, which left him under the assumption that he was required to pay the filing fees electronically. Moreover, due to this confusion, Plaintiff did not believe that he could pay the filing fee through the prison's inmate account withdrawal procedures unless the funds could have been transmitted to this court electronically.  This confusion coupled with the fact of Plaintiff's conditions of confinement and the prison systems two and a half to four weeks, or more, processing time for the withdrawal of inmate funds warrants relief from this court's judgment entered on August 15, 2005, as the Plaintiff have shown "excusable neglect" for his failure to timely pay the filing fee, in this case.

## CONCLUSION

For the foregoing reasons, the Plaintiff WILLIAM HARRISON ALSTON, respectfully prays that this Honorable Court **GRANT** the relief requested herein.  In doing so, the Plaintiff requests that this Court's Judgments as entered on July 26 and August 15, 2005, be vacated and his civil rights action reinstated, as the interests of justice so require.

And any other relief that this Honorable Court deems just and appropriate.

Respectfully submitted,

*William H. Alston*

William Harrison Alston
#07273-016
FCC Petersburg Low
P.O. Box 1000
Petersburg, VA  23804-1000
**Plaintiff - Pro Se**


### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under the penalty of perjury that I have placed a true and correct copy of the foregoing in the Institutional U.S. Mail Delivery System with sufficient first class prepaid postage affixed, addressed to the following:

Debra Forsyth
FCI Jessup, 2600 Hwy. 310 S.,
Jessup, GA  31599

Marty Sapko
FCI McKean, P.O. Box 5000,
Bradford, PA  16701

Stephen Houseler
FCI McKean, P.O. Box 5000,
Bradford, PA  16701

James Perrotti
FCI McKean, P.O. Box 5000,
Bradford, PA  16701

on this 8th day of May, 2006.  In compliance with 28 U.S.C. § 1746.

*William H. Alston*

William Harrison Alston
**Plaintiff - Pro Se**

William H. Alston  
#07273-016  
FCI Petersburg Low  
P.O. Box 1000  
Petersburg, VA  23804-1000

---

May 8, 2006

Clerk of the Court  
U.S. District Court For the  
Western District of Pennsylvania  
17 South Park Row, Room A280  
Erie, PA  16501

 Re: C.A. No. 05-168-ERIE, William Harrison Alston v. Debra Forsyth

Dear Clerk:

 Enclosed, please find the original of my pro se "Motion to Vacate Judgment and Reinstate Civil Rights Action Pursuant to Fed.R.Civ.Proc., Rule 60(b)," to be filed. I have also enclosed an extra cover page of the said pleading to be stamped "FILED" and returned to me in the SASE I have provided herewith.

 Please take notice that I have served a true and correct copy of the foregoing on the defendants, as set forth in the attached certificate of service.

 If you should have any questions regarding the instant filing, please do not hesitate to contact me by writing at the above address.

 Thank you in advance for your kind and sincere assistance. And, do have a nice day!

          Sincerely,

          *[signature]*

          William H. Alston

WHA/

encl: