IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HARRISON ALSTON,<br><br>     Plaintiff,<br><br>-vs-<br><br>DEBRA FORSYTH, et al.,<br><br>     Defendants. | FILED<br>'06 DEC 14 A9:41<br>CLERK<br>CASE NO. 05-168-ERIE |

## MOTION TO REINSTATE ACTION

COMES NOW the Plaintiff, WILLIAM HARRISTON ALSTON, in propria personam, sui juris, acting as his own counsel, pursuant to the Rules of Civil Procedure, and files this his Motion to Reinstate Action. In support thereof the Plaintiff states as follows:

1. The instant action was filed on May 27, 2005.

2. The Magistrate recommended that the action be denied based on the Plaintiff's failure to pay the filing fee. (D.E. #5).

3. On August 15, 2005, this Honorable Court dismissed the action for failure to pay the filing fee.

4. The Plaintiff previously attempted to have the action reinstated but was unsuccessful due to the fact that he had no documentation to support his claim.

5. The Plaintiff has now obtained documentation from Bureau of Prisons' staff that clearly shows that the Plaintiff made a good faith effort to comply with the court's order to pay the

filing fee but that his efforts were thwarted by the negligence of BOP staff. (It should be noted that the Defendant's in the instant action are also BOP staff. As such, the Plaintiff's efforts to comply with the court's order were thwarted by agent's of the same government agency that he is in fact suing.) (Ex. A).

6. Based on the test set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3rd Cir. 1984) the Plaintiff submits that he should not be held liable for the responsibility where he was barred by the government's action. No prejudice would result, the Plaintiff has no history of dilatoriness, his actions were not willful, but in fact, were made in good faith.

7. The attached exhibit consitutes conclusive evidence that the Plaintiff did in fact make every effort to prosecute the instant action.

8. Moreover, in an attempt to resolve the instant matter before this Honorable Court, Plaintiff respectfully requests an expeditious hearing and disposition in the instant matter. In the event that this Court decides favorably Plaintiff will then move in the Third Circuit Court of appeals for voluntary dismissal of his appeal from this Court's August 22, 2006, order dismissing his motion to vacate the final judgment of denial and dismissal of his civil action on August 15, 2005.

Wherefore, the Plaintiff respectfully request that this Honorable Court reinstate the instant action.

Respectfully submitted,

*William H. Alston*
Willaim Harrison Alston
# 07273-016
FCC Petersburg Low
P.O. Box 1000
Petersburg, VA 23804-1000

-2-

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to:

Debra Forsyth
FCI Jesup
2600 Highway 301 South
Jesup, GA 31599

Stephen Houseler
FCI McKean
P.O. Box 5000
Bradford, PA 16701

Marty Sapko
FCI McKean
P.O. Box 5000
Bradford, PA 16701

James Perrotti
FCI McKean
P.O. Box 5000
Bradford, 16701

via U.S. Mail, postage prepaid, on this the 7th day of December, 2006.

William Alston
William H. Alston
Reg. #07273-016
Petersburg FCC
P.O. Box 1000
Petersburg, VA
    23804-1000

-3-



U.S. Department of Justice

Federal Bureau of Prisons

*Federal Correctional Complex - Low*

---

P.O. Box 90026
Petersburg, Virginia 23804

November 6, 2006

To whomever concerned:

Inmate William Alston, #07273-016, submitted a money withdrawal form to me on July 10, 2005 for $250.00 for a court filing fee to the Western District of Pennsylvania. This form was sent back for lack of signatures by the Assistant Warden and the Unit Manager. In the process, the form was eventually misplaced. Neither inmate Alston nor myself became aware that the form had been misplaced until he inquired as to why the funds hadn't been removed from his account weeks later.

Mr. Alston resubmitted a money withdrawal form which he informs me was rejected by the Court because it wasn't received by the Court by a July 15, 2005 deadline.

I can attest to the fact that inmate Alston submitted his money withdrawal form on July 10, 2005, and through circumstances beyond his control, the lack of required signatures and the eventual misplacement of the form the funds were not removed from his account until he resubmitted another form at a later date.

*[Signature]* Counselor
Unit 3-2



City / County of Prince George
Commonwealth/State of Virginia
The foregoing instrument was acknowledged
before me this 7th day of November
20 06 by R. Coleman
(name of _____)
Anna K Miles
Notary Public
My commission expires: 8/31/2010

Exhibit "A"

```
                    William H. Alston
                       #07273-016
                    FCC Petersburg Low
                       P.O. Box 1000
                  Petersburg, VA 23804-1000
```

December 7, 2006

Clerk of the Court
U.S. District Court For the
Western District of Pennsylvania
U.S. Courthouse, Room A250
17 South Park Row
Erie, PA  16501

    Re:  Case No., 05-168-ERIE, Willaim Harrison Alston v. Forsyth, et.al,

Dear Clerk:

    Enclosed, please find an original and two copies of my pro se "Motion to Reinstate Action," to be filed.  I have also enclosed an extra cover pages to be stamped "FILED" and returned to me in the SASE I have provided herewith.

    Please take notice that I have served a true and correct copy of the foregoing on all Defendant's as set forth in the attached "Certificate of Service."

    Thank you for your kind and sincere assistance.

                                    Happy Holidays,

                                    William H. Alston

encl:

cc:  U.S. Court of Appeals
     For the Third Circuit
     21400 U.S. Courthouse
     601 Market Street
     Philadelphia, PA  19106-1790