IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM ALSTON, pro. se.
　　　Plaintiff
FCC Petersburg; P.O. Box 1000
Petersburg, VA 23804

　　v.

Debra Forsyth
FCI Jessup; 2600 Hwy. 310 S.
Jessup, GA 31599

And

Marty Sapko
FCI McKean; P.o. Box 5000
Bradford, PA 16701

And

Stephen Houseler
FCI McKean; P.O. Box 5000
Bradford, PA 16701

And

James Perrotti
FCI McKean; P.O. Box 5000
Bradford, PA 16701

CIVIL ACTION NO. CA 05-168 E

Demand Jury Trial

**RECEIVED**

MAY 27 2005

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**FILED**

MAY 25 2007

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## COMPLAINT

Now comes the Plaintiff, William Alston, Pro. SE., pursuant to title 42 U.S.C. §1983/Bivens v. Six Unkown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff sues the defendants Deborah Forsyth, Marty Sapko, Stephen Houseler, James Perrotti, and for cause of action state as follows:

### Jurisdiction

1.　　The court has jurisdiction pursuant to title 28 U.S.C. §1331(A).

Parties

2.      Plaintiff, William Alston, is a citizen of the United States and a resident of Washington, D.C., committed as a prisoner to the custody of the Federal Government/U.S. Attorney General, who at all times relevant to this action was a resident of the Federal Bureau of Prisons ("BOP"), Federal Correctional Institution McKean; P.O. Box 8000, Bradford, PA 16701, ("FCI McKean").

3.      Deborah Forsyth was at all times relevant to this action the Superintendent of Industries and Chairwoman of the FCI McKean's Safety and Health Committee. She was an agent and employee of the Federal Bureau of Prisons, a.k.a. BOP. She is presently employed at FCI Jessup, (i.e., Federal Correctional Institution, 2600 Highway 301 South, Jessup, GA 31599. She was an agent and employee of the Federal Bureau of Prisons, a.k.a. BOP. She is sued for damages in her individual capacity.

4.      Defendant, Marty Sapko was at all times relevant to this action the Unicor/Industry Factory Manager. He was an agent and employee of the Federal Bureau of Prisons, a.k.a. BOP. He is sued for damages in his individual capacity.

5.      Defendant, Stephen Housler was at all times relevant to this action the FCI McKean Safety Manager. He was an agent and employee of the Federal Bureau of Prisons, a.k.a. BOP. He is sued for damages in his individual capacity.

6.      Defendant, James Perrotti was at all times relevant to this action a Unicor/Industry Shop Forman. He was an agent and

employee of the Federal Bureau of Prisons, a.k.a. BOP. He is sued for damages in his individual capacity.

Exhaustion of Remedies

7. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a) provides: No action shall be brought with respect to prison conditions under section 1983 of this title... by a prisoner confined in any jail, prison, or other correctional facility until such Administration Remedies as are available are exhausted. Plaintiff has met this requirement by presenting the issues of concern mentioned herein, informally to defendant, and thereafter through the use of the appropriate form (BP-9), (BP-10), and (BP-11) in accordance with Title 28 CFR, §542.19 (1997). Defendants may not argue failure to exhaust.

8. FCI McKean is a Federal Institution as defined in Title 28 CFR, Sec. §500.1(d) and governed by Title 18 U.S.C. §4042. The defendants are appointed officers and employees deemed necessary to lawfully operate FCI McKean.

9. The defendants must operate and maintain a standard of care and discipline, must insure and maintain that all inmates therein are treated equitably and at all times retain the duty and responsibility to ensure the prisoners committed to the custody of the United States Attorney General, including FCI McKean, are held in a manner consistent with rights secured by the Constitution and other laws.

10. On information and belief, the staff at FCI McKean,

including the individual defendants are not vested with powers to change the U.S. Constitution, BOP Management procedures or any regulations/duties deemed necessary to insure that suitable quarters are provided, safekeeping is provided, proper care, protection and instruction. The defendants can not act arbitrarily.

11. Plaintiff (William Alston) arrived at FCI McKean on February 2, 2001.

12. That on and around sometime in early March 2001, the plaintiff was assigned to FCI McKean Unicor Factory and was so assigned until March 22, 2002

13. On or around sometime in March 2002, a spot was found on plaintiff's lung through a Cat Scan. Less than a week after this finding the plaintiff was abrutly transferred.

14. That throughout plaintiff's assignment to the FCI McKean Unicor, defendants instructed and allowed plaintiff to work with and around areas where tac-boards "a.k.a." Micore and Spec-boards are cut, sawed, sanded, machined, touched, stacked, and otherwise handled by plaintiff. Whenever plaintiff inquired to his immediate supervisor, James Perrotti if this material was dangerous, he would shrug it off like there was no danger. The couple of times plaintiff was a little more persistant, Perrotti (defendant) would let Plaintiff know that their were plenty of inmates that are not in Unicor waiting to take his place because Unicor is the best paying job in the BOP. Later after transferring to another prison I found out that Micore

Boards, have the ingredient silica sand and mineral fiber in them. Respirable dust containing crystalline silica (quartz) is a potential occupational carcinogen. Plaintiff has had dust with silica in it all over his person and clothing. Plaintiff has breathed dust with silica in it. Plaintif has been instructed and allowed to blow the floor around machines where Micore boards have been cut, sawed, sanded and otherwise machined, with air hoses. Plaintiff has been instructed and allowed to blow machines off with the same air hoses after cutting, sawing, and machining Micore boards. In addition to the improper air hosing to clean-up, fans were often blowing directly above or very near where Plaintiff cut, sawed, sanded and otherwise machined Micore boards, and the floors around machines and all over Unicor were swept with brooms. The ventilation and exhaust system was very poor and out of compliance for the machining, sawing, sanding, blowing, sweeping, cutting and fanning of Micore boards and its dust. Plaintiff at all times was given a breath easy dust mask (for non-toxic dust and sands), for every task while working in FCI McKean UNICOR and the defendants knew of these hazards. This mask does not protect against Silica, toxic or hazardous air contaminants, other toxic dust, industrial dust, or harmful vapors. Dust from Micore boards that have the ingredient silica sand and mineral fibers in them like those at FCI McKean UNICOR, are not to be touched, breathed or handled. Protective gear is required such as an approved NIOSH respirator, loose fitting

clothing closed at the neck and wrist to minimize skin exposure "these clothes should be washed separately from others". creating of dust need to be avoided, proper clean-up procedures that avoid creating dust need to be followed and proper ventilation and exhaust is required. The gist of Plaintiff's complaint in respect to the ingredients silica sand and mineral fibers is that defendants instructed and allowed the creating of dust from sawing, machining, sanding, and otherwise handling Micore boards, coupled with instructed improper clean-up procedures such as, blowing dust from micore boards with air hoses, fans blowing in work areas, sweeping, poor ventilation and poor exhaust, separately and together without the recommended protective gear mentioned above caused plaintiff to suffer a spot on his lungs, upper respiratory problems, dizziness, pressure in head, wheezing, itchy eyes, itchy skin, physical pain, coughing, hoarseness, a general ill feeling, mental anguish, inability to perform normal activities, as well as other injuries and damages which at this time are not fully known. Plaintiff has been exposed to an unreasonable risk of serious damage to his future health in that, prolonged exposure to silica sand causes Silicosis, Pneumoconiosis, Emphysema, Asthma, and Mycobacterium Tuberculosis. The injuries and harm caused by the silica sand and mineral fiber separately and together with other conditions complained of herein caused plaintiff's injuries due to the defendants' inadequate work practices.

15. That throughout plaintiff's assignment to the FCI McKean UNICOR plaintiff was subjected to fumes and vapors which caused him to inhale Lockweld 0861 Contact Adhesive. Lockweld 0861 Contact Adhesive was seeping into the poorly ventilated atmoshere within the FCI McKean UNICOR facility. Lockweld Contact Adhesive has the ingredients acetone, toluene, and hexane. Precautions in handling and storage of this adhesive are avoid breathin of vapors, store and use only in well-ventilated areas and a full face organic vapor catridge respirator is recommended if ventilation does not reduce or control vapor concentration like those that existed in FCI McKean UNICOR. in respect to the vapors and fumes from the Lockweld 0861 Contact Adhesive, plaintiff suffered, irritation of eyes, headaches, narcosis, irritation to mucous membranes, nausea, drowsiness, shortness of breath, as well as other injuries and damages which aare not fully known. The harmful vapors and fumes from Lockweld 0861 Contact Adhesive, separately and together with those other conditions complained of herein caused plaintiff's injuries.

16. Defendants, Deborah Forsyth, Marty Sapko, Stephen Housler, and James Perrotti had subjective knowledge of the serious risk that the conditions/actions described in paragraphs, 13 through 16 posed to plaintiff's health and safety. The defendants recklessly disregarded this excessive risk to plaintiff's health and safety.

## FIRST CLAIM-42 U.S.C. §1983/BIVENS

17. Defendants Deborah Forsyth, Marty Sapko, Stephen Housler, and James Perrotti, under color of Federal Law, as is stated in paragraphs 13 through 16 was deliberately indifferent to plaintiff's safety and deprived plaintiff of rights, privileges, and immunities secured by the Eighth and Fifth Amendments of the U.S. Constitution, including but not limited to the right to be free of deprivations of liberty without due process, the right to equal protection under the law, and the right to be free of cruel and unusual punishment, as well as, freedom from conditions that pose an unreasonable risk of serious damage to plaintiff's future health.

PRAYER

WHEREFORE, PLAINTIFF prays that this Court:

A. Plaintiff asks this Court to enter judgement in his favor against defendants, hold each defendant jointly and severally liable to plaintiff;

B. In respect to the First Claim with all defendants listed in paragraph 17 award plaintiff compensatory and punitive damages in respect to each of those defendants in the sum of Two Million Dollars ($2,000,000.00).

C. Award plaintiff reasonable attorney fees and cost;

D. Order such futher relief as this Court may deem just and proper.

Respectfully Submitted.

William Alston

William Alston 07273-016
FCC Petersburg Low;
P.O. Box 1000
Petersburg, VA 23804

JURY DEMAND

The plaintiff demands a trial by jury on all issues properly so triable.

William Alston

-9-

AFFIDAVIT OF VERIFICATION

In The State of Pennsylvania

William Alston, Plaintiff

v.

Deborah Forsyth, et. al.

AFFIDAVIT of William Alston, Plaintiff

The Plaintiff, William Alston, verify that the facts stated in the attached complaint for relief pursuant to 42 U.S.C. §1983/Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971), are true to Plaintiff's knowledge, and that the facts stated on information and belief are true to the best of Plaintiff's knowledge and belief.

I declare under the penalty of perjury that the foregoing is true and correct.

Sworn to before me this 24th day of May, 2005

_____
Notary Public

MY COMMISSION EXPIRES
28 FEBRUARY 2009

_____
William Alston