UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ALSTON, | |
| Plaintiff, | CIVIL ACTION NO. 05-168E |
| v. | JUDGE McLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |
| DEBRA FORSYTH, ET AL., | *(Electronic Filing)* |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. PRO. 12(b)(6)**

The Federal Defendants by and through their attorneys Mary Beth Buchanan, United States Attorney; Michael C. Colville, Assistant United States Attorney; and Douglas S. Goldring, Assistant General Counsel, Federal Prison Industries, Inc., move this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I. FACTS**[1]

The underlying facts in this case are not in dispute. Bureau of Prisons Records maintained in the ordinary course of business indicate that Plaintiff is William Alston, Register Number 07273-016. At all times relevant to this action, Plaintiff was serving a 200 month sentence for Bank Robbery, Assault and Put In Jeopardy Lives of Others By Use of a Dangerous Weapon, in violation of 18 U.S.C. § 2113(a) and (d) and § 2. See United States v. Alston, 94-CR-269 (E.D. Va.). His projected release date is December 13, 2008, via Good Conduct Time release.

---

[1] For purposes of this Motion to Dismiss, all well pleaded facts in Plaintiff's Complaint and the attachments thereto, are presumed to be true.

BOP records further reflect that Plaintiff arrived at Federal Correctional Institution McKean, Pa. (FCI McKean) on or around February 2, 2001. As noted in the complaint, While housed in FCI McKean, Plaintiff was assigned to work in the Federal Prison Industries, Inc. (FPI or trade name UNICOR) factory in FCI McKean. This work assignment first occurred on or around March 6, 2001. On or around March 22, 2002, Plaintiff was finally and permanently removed from his FPI work assignment. He was transferred from the institution that same day. See Plaintiff's Complaint. Dkt. # 31, ¶¶ 11-13.

Plaintiff now alleges that while he was assigned to work in the FPI factory, he was exposed to and silica dust and other fumes, in violation of the Fifth and Eighth Amendments. Plaintiff then filed the above referenced civil action, over three years after his removal from FCI McKean, in which he seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## II. QUESTIONS PRESENTED

1. Whether Plaintiff's Amended Complaint must be dismissed in its entirety, because the legal and factual conclusions surrounding the facts and circumstances giving rise to Plaintiff's Complaint have already been resolved in favor of the Defendants.

2. Whether, to the extent Plaintiff's Complaint alleges a Constitutional violation, this action is subject to dismissal with prejudice, in its entirety, because it was filed over two years after all of the issues raised had accrued, well beyond Pennsylvania's applicable two year statute of limitations period.

### III.  LEGAL ARGUMENT[2]

A.  **Standard Of Review For A 12(b)(6) Motion to Dismiss**

On a Rule 12(b)(6) Motion to Dismiss, the complaint is liberally construed, and all well-pleaded fact allegations, and any reasonable inferences to be drawn from the facts alleged, viewed in the light most favorable to the non-moving party.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1384 (3rd Cir. 1994). This concession of truth, however, goes only to well-pleaded fact allegations, not legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Mires v. Dekalb County, Ga., 433 U.S. 25, 27 n. 2 (1977); Wilson Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); Davidson v. State of Ga., 622 F.2d 895 (5th Cir. 1980); Wilson v. Lincoln Redevelopment Corp., 488 F.2d 339 (8th Cir. 1973); Stanturf v. Sipes, 335 F.2d 224 (8th Cir.), cert. denied, 379 U.S. 977, 85 S.Ct. 676 (1965); Violenti v. Emory Worldwide A-CF Co., 847 F. Supp. 1251, 1255 (M.D. Pa. 1994).

Moreover, the claimant must set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.  See Fed. R. Civ. Pro. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

In short, the court must dissect the Complaint, eliminate mere rhetoric, legal conclusions and unsupported factual conclusions, and determine whether or not well-pleaded fact allegations, when construed in a light more favorable to the Plaintiff, state a factual claim on some legal theory upon

---

[2] It is the Defendants' expectation that the present Motion to Dismiss will dispose of this cause of action in its entirety.  To the extent, however, that any claims may survive, Defendants reserve the right to raise additional defenses (including, but not limited to Exhaustion of Administrative Remedies, Qualified Immunity, and Failure to State a Claim) through a subsequent Motion for Summary Judgment or Motion to Dismiss.

which relief can be granted, but not whether a plaintiff will ultimately prevail on that claim. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

**B.     The Primary Issue in This Case, Whether There Was A Problem With The Air Quality At FCI McKean, Has Been Thoroughly Litigated In This District, And Those Cases Are Controlling In The Present Action**

The present Complaint must be dismissed because the legal and factual conclusions surrounding the facts and circumstances giving rise to Plaintiff's Complaint have already been resolved in favor of the Defendants. See Michael Hill v. LaManna, 03-323 (W.D. Pa.); Leslie Kelly v. LaManna, 03-368 (W.D. Pa.); Kevin Siggers v. LaManna, 03-355 (W.D. Pa.); Myron Ward v. LaManna, 04-11, (W.D. Pa.); Kenny Hill v. LaManna, 05-160 (W.D. Pa.). As such, there is no basis upon which Plaintiff can successfully prosecute this action.

Specifically, in those cases, which were consolidated for trial, this Court considered the very issue raised in the present case: whether the air quality in the FPI factory at FCI McKean created a significant health risk in violation of the Fifth and Eighth Amendments.[3] There, in a lengthy Report and Recommendation, which was adopted by the Court on or around March 14, 2007, this Court rejected exactly the same argument raised by Plaintiff in the present case. Id.[4]

---

[3] It is relevant to note that the period of time in question in the previous cases, roughly 2000-2003, completely encompasses the period of time in question today, March 2001 through March 2002..

[4] The previous case actually involved five related cases which were consolidated for trial. For purposes of this brief and ease of reference, all citations to the various Reports and Recommendations will refer to the document filed in the lead case, Michael Hill v. LaManna, 03-323. Reports and Recommendations filed in the other four cases were virtually identical. The Report and Recommendation from the Michael Hill case (Dkt. # 116), as well as the Memorandum Order adopting it (Dkt. # 122), are both attached.

There, after months of discovery, involving over a dozen depositions, witness interviews, and the exchange of thousands of pages of documentary evidence, this Court held:

> Plaintiff has provided no evidence, scientific studies, or expert reports, that would indicate that "significant amounts" of silica dust remained airborne, despite the presence of the dust-collecting system installed in the UNICOR factory. Moreover, Plaintiff has failed to produce any scientific studies or expert reports explaining in detail the level of concentration and the duration of exposure to silica dust and or Lokweld 860/861 that would be necessary to create an unreasonably high risk of harm.

See Hill v. LaManna, Dkt # 116, page 11. The Court went on to conclude that there was absolutely no evidence of deliberate indifference and, therefore, no Constitutional violation could be shown. Id., page 19.

In his Complaint, Plaintiff makes similar unsupported and undocumented allegations, based upon the exact same set of facts and circumstances as the other inmates made in the previous cases. See Plaintiff's Complaint. Dkt. # 31, ¶¶ 14-15. Like those inmates, Plaintiff has provided absolutely no evidence to support his allegations. Furthermore, if this case were to go forward, three of the four Defendants in this case were Defendants in the previous cases, all of the same witnesses would be involved, and all of the same documents would be submitted.[5] In other words, Plaintiff cannot provide any evidence which would significantly distinguish this case from the previous cases. As such, those cases must be considered controlling in this matter. With that precedent in mind, there is absolutely no basis upon which to continue, and the Complaint in this case should be dismissed with prejudice.

---

[5] It is relevant to note that the Microbac air test was conducted in July 2001, approximately four months after Plaintiff was assigned to UNICOR and eight months prior to his removal from the factory. That test, which came almost at the midpoint of his assignment, found, "the air quality within the UNICOR facility was well within the permissible limits established by OSHA." See Hill v. LaManna, Dkt. # 116, page 18.

**C.   Plaintiff's Complaint Must Be Dismissed Because It Was Not Filed Within The Relevant Statutory Period**

It is clear from the face of Plaintiff's Complaint that he failed to commence this action within the relevant statutory period and, therefore, the Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6).[6] Plaintiff's allegation that he developed a health related concern as a result of his exposure to the air in the UNICOR factory is subject to Pennsylvania's two year personal injury statute of limitations.

Federal civil rights actions, do not have a specific statute of limitations imposed by Congress. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462 (1975)(No Federal statute of limitations for civil rights actions); Wilson v. Garcia, 471 U.S. 261, 267 (1985)(no Federal statute of limitations in a Bivens action); Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1088 (3rd Cir. 1988)(no Federal statute of limitations in a civil rights action). When such gaps in Federal law occur, it is necessary to look to state law to fill the gaps. Therefore, Federal courts sitting in Pennsylvania have adopted the Commonwealth's two year personal injury statute of limitations found at 42 Pa. C.S.A. § 5524[7] in civil rights actions, Lake v. Arnold, 232 F.2d 360,

---

[6] The Third Circuit held it is appropriate for this Court to find Plaintiff failed to file in a timely manner and, therefore, dismiss the case pursuant to Rule 12(b)(6) instead of a Motion for Summary Judgment because it is clear from the face of the Complaint that Plaintiff did not commence this action within the statutory period, and reasonable minds could not differ on this point. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3rd Cir. 1994).

[7] Title 42 Pa. C.S.A. § 5524 reads:
The following actions and proceedings must be commenced within two years:
(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

368 (3rd Cir. 2000); Rose v Bartle, 871 F.2d 331, 347 (3rd Cir. 1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa. 1996).

Simply identifying the applicable limitations period, however, means little without a date certain for accrual of the claims. For this starting point, it is necessary to turn to Federal law[8], which states Plaintiff's action accrued when the Plaintiff knew or should have known all the facts which support his claims. Smith v. Holtz, 879 F. Supp. 435, 439 (M.D. Pa. 1995); Holland v. Allied Services for the Handicapped, 1993 WL 668670, *3 (M.D. Pa. 1993).

---

continued....

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

(8) An action to recover damages for injury to a person or for the death of a person caused by exposure to asbestos shall be commenced within two years from the date on which the person is informed by a licensed physician that the person has been injured by such exposure or upon the date on which the person knew or in the exercise of reasonable diligence should have known that the person had an injury which was caused by such exposure, whichever date occurs first.

[8] Although state law is used to determine the period of limitations, Federal law determines accrual of a cause of action. Albright v. Oliver, 510 U.S. 266, 280 n. 6(1994)(Ginsburg, J. concurring); Wilson, 471 U.S. at 276-80; Smith v. Holtz, 879 F. Supp. 435, 439 (M.D. Pa. 1995).

Based upon Plaintiff's discussion of the facts in the Complaint, it would simply strain credibility for him to now claim that he was somehow unaware of any of the operative facts relating to this action at the time he was transferred from FCI McKean in March 2002. At that time, he had worked in the UNICOR factory for almost exactly a year. Although he alleges that he did not learn of the alleged danger of working with Micore Board until after he left UNICOR, other statements do not support this contention. See Plaintiff's Complaint. Dkt. # 31, ¶¶ 13-15. Specifically, he indicates in his complaint that he asked his work supervisor whether there was any danger involved with handling this material. Id. Additionally, as has been resolved previously, the MSDS sheets for all of the material in question were readily available for review. See Michael Hill v. LaManna, 03-323 (W.D. Pa.); Leslie Kelly v. LaManna, 03-368 (W.D. Pa.); Kevin Siggers v. LaManna, 03-355 (W.D. Pa.); Myron Ward v. LaManna, 04-11, (W.D. Pa.); Kenny Hill v. LaManna, 05-160 (W.D. Pa.). The fact that Plaintiff did not choose to review them is of no consequence.

Additionally, Plaintiff further alleges that in March 2002, a spot was found on his left lung. Plaintiff implies that this spot was somehow related to his assignment in FPI.. See Plaintiff's Complaint. Dkt. # 31, ¶¶ 13-15. He provides absolutely no evidence to support this. In fact, the findings of fact and conclusions of law in the previous case directly contradict any such connection. See Michael Hill v. LaManna, 03-323 (W.D. Pa.).

As such, whether Plaintiff bothered to follow up on the information, he was provided with, and otherwise has access to, all of the facts necessary to support his claim. As such, he clearly had constructive knowledge (if not actual knowledge) of each of the facts and circumstances underlying his complaint prior to his removal from FCI McKean. Having determined that Plaintiff's claims accrued no later than March 2002, Pennsylvania law dictates that his complaint must, therefore, have

been filed within two years, or prior to August 20, 2006. 42 Pa. C.S.A. § 5524. Again, however, taking the facts in the light most favorable to the Plaintiff, the earliest action taken in this case occurred when the Complaint was filed on May 27, 2005, over a full year later than the expiration of the statute of limitations.[9] As such, it is clear from the face of the Complaint alone that Plaintiff has not satisfied his responsibility of commencing this cause of action within the two year statutory period and, therefore, the Court should dismiss this case with prejudice.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully Submitted,

MARY BETH BUCHANAN
United States Attorney


/s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7337
PA ID No. 56668

---

[9] Plaintiff provides the Court with no explanation for this significant delay and no basis under Pennsylvania law for tolling the statute of limitations. Board of Regents of the State University of New York v. Tamanio, 446 U.S. 478, 483 (Federal courts must apply state rules for tolling statute of limitations); Johnson, 421 U.S. at 464 (same).

OF COUNSEL:

Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, NW, 8th Floor
Washington, DC 20534

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2007, a true and correct copy of the within **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(6)** has been served either by electronic means and/or first-class mail upon the following:

William Harrison Alston
Reg. No. 07273-016
FCI Petersburg
P.O. Box 1000
Petersburg, VA  23804


/s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney