UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM ALSTON,

    Plaintiff,

v

DEBRA FORSYTH, ET AL,

    Defendants.

CIVIL ACTION NO. 05-168E

Judge McLaughlin
Magistrate Judge Baxter

FILED OCT 29 2007
CLERK U.S. DIST...
WEST. DIST...

PLAINTIFF's DECLARATION IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS

Pro se pleadings, "however inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the Court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, or poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 264(1982). Under the Third Circuit's liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83(3d Cir.1997). Because Plaintiff is a pro se litigant,

-1-

he ask this Court to consider facts and make inferences where it is appropriate.

### Motion to dismiss pursuant to Fed.R.Civ.12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neizke v. Williams, 490 U.S. 319(1989); Langford v. City of Atlantic City, 235 F.3d 845,847 (3d Cir.2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). Even if it is doubtful that plaintiff would ultimately prevail, if plaintiff colorably states facts which if proven, would entitle him to relief, motion to dismiss 12(b)(6) should not be granted.

1. The primary issue in this case is, the hazardous working conditions to which plaintiff was exposed at FCI McKean's UNICOR, caused him to suffer injuries, damages and exposed him to unreasonable risk of serious damage to his future health.

2. The defendants cannot predict what evidence the plaintiff will be able to produce nor all of the witnesses that will be involved. Plaintiff has not even had the opportunity to provide evidence or conduct discovery in support of his claim and should be allowed to do so.

3. Plaintiff's case is distinguished from the cases that the defendants mention because he asserts in his complaint and by affidavit that his supervisor, Defendant Perrotti, informed him that the micore boards' dust was hazardous.[1] See plaintiff's complaint DKT. #31 ¶14 and Attachment A, pages 1-2. Plaintiff also has evidence that the other defendants and staff knew also. This comes from a UNICOR staff member. See Attachment C pages 6-7. Mr. Bevevino talked to Defendant Sapko about the hazards of micore boards, before the OSHA inspections ever even took place, in April of 2003. Attachment C ¶1 of Matthew Psillas's cover letter shows that Maintenance Supervisor Mike Salerno wrote over the Material Safety Data Sheet (MSDS) for micore board.

4. Furthermore, plaintiff has evidence that Defendant Forsyth threatened to close the factory if hundreds of thousands of dollars had to go into the dust collection system and everything that was going on at the time. This show that she knew that there was a problem with the dust collection system. Attachment C, Page 9. The Microbacs air test mentioned in the Hill case was manipulated by UNICOR staff showing further deliberate indifference. See Attachment A, Page 4. With the above mentioned evidence alone, plaintiff's case is distinguished from the cases that the defendants mistakenly believe is controlling in this matter.

---

[1]. Plaintiff's supervisor, Defendant James Perrotti, misled and concealed the truth by having plaintiff believe he was safe around these dust as long as he kept his dust mask on.

5.   It is clear from the face of plaintiff's complaint that he commenced this action within the relevant statutory period. Plaintiff did not find out that the work he performed at FCI McKean's UNICOR was the reason for his health problems until 2004 while at another prison. See Attachment A, pages 2-3 and Plaintiff's complaint Dtk. 31 ¶14. This was after medical consultation and was when his claims accrued. See Title 42 Pa. CSA §5524(8) which reads:

> An action to recover damages for injury to a person or for the death of a person caused by exposure to asbestos shall be commenced within two years from the date on which the person is informed by a licensed physician that the person has been injured by such exposure or upon the date on which the person knew or in the exercise of **reasonable diligence** should have known that the person had an injury which was caused by such exposure, whichever date occurs first.

Silica exposure should fall under the above title.

6.   A spot was found on plaintiff's lung in March of 2002 and he has evidence from FCI McKean's medical staff to support this. See Attachment B, Page 1. The medical staff never gave an indication of the cause of the spot on his lung, only a recommendation of another MRI exam. Plaintiff inquired to Petersburg's medical staff in 2002 about the MRI from FCI McKean and was placed on the waiting list on 9/9/02. See Attachment B, Page 2. Plaintiff's chest x-rays were normal from 2002 - 2004. Attachment b, Pages 4-6. He never received another MRI though. After speaking to Kenny Hill in 2004 (Attachment A, Page 3), plaintiff inquired to Petersburg Medical Staff again and started exhausting the Bureau of Prisons Administrative Remedies. See Attachment B, Page 3.

7. In the Hill case referred to in Defendants' Motion, they argued and swore under deposition that they did not know of the hazards of micore boards until the OSHA inspections (eventhough the evidence will show different) and this testimony was accepted by the Court as true eventhough the plaintiffs argued that the defendants should have known. Now the defendants want to argue in this case that plaintiff had constructive knowledge of all the bases of his complaint in 2002. Plaintiff states in his complaint, by affidavit of a witness and his own affidavits that he did not know that his health problems were connected to his work at UNICOR until 2004. See Attachment A, Pages 2-3. Plaintiff became aware of this connection after reasonable diligence and medical consultation. Plaintiff ask that the Court give his sworn affidavits and evidence the same merit as the defendants in the Hill case. See Hill v. Lamanna Page 18 attached to defendants Motion.

8. Also, plaintiff was giving fraudulent information from his supervisor, Defendant Perrotti, who concealed the truth by telling plaintiff that he was protected from these dust with just a dust mask. Swietlowich v. County of Bucks 610 F.2d 1162[4] reads:

> Pennsylvania courts hold that the limitation period does not commence in cases of fraudulent concealment until the time of discovery or the date when with reasonable diligence one would have been led to discovery. "if by any act of concealment or deceit, whether before, or at the same time or after the act is committed, the wrongdoer hides from the innocent

> party the facts which would put him upon inquiry, the statute does not begin to run." The fraud involved need not include an intent to deceive; unintentional deception will suffice and it is the effect upon the plaintiff, not the intention of the defendant, that is pertinent.

So, under Swietlowich v. County of Bucks plaintiff's statue of limitations still did not begin to run until 2004. See Attachment A, Pages 2-3.

9. For the foregoing reasons, the Defendants' Motion to Dismiss should be denied and the case should move on towards the discovery phase.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

10/27/07
DATE

William Alston
William Alston

CERTIFICATE OF SERVICE

I hereby certify on this 27th day of October, 2007, a true and correct copy of the within Plaintiff's Declaration in Opposition to Defendants' Motion to Dismiss has been served by first class mail using FCC Petersburg's Legal Mail system, upon the following:

        Michael C. Colville
      Assistant U.S. Attorney
   U.S. Post Office & Courthouse
   700 Grant Street, Suite 4000
      Pittsburgh, PA 15219


*William Alston* (signature)
William Alston 07273-016
FCC Petersburg Low
P.O. BOX 1000
Petersburg, VA 23804

William Alston #07273-016
FCC Petersburg Low
P.O. Box 1000
Petersburg, VA 23804


RE:   ALSTON V. FORSYTH et. al. C.A. No. 05-168E

Dear Clerk,

   Please file this Declaration in Opposition to Defendants Motion to Dismiss under:

William Alston, pro. se.              Civil Action No. 05-168E

         v.

Forsyth et. al.,


10/27/07                                        William Alston
DATE                                            William Alston


1 - ORiginal
1 - Copy