UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM ALSTON, | |
| Plaintiff, | CIVIL ACTION NO. 05-168E |
| v. | JUDGE McLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |
| DEBRA FORSYTH, ET AL., | *(Electronic Filing)* |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)**

AND NOW, come the Defendants, Debra Forsyth, Marty Sapko, Stephen Housler, and James Perrotti (hereinafter collectively referred to as "Defendants") by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Michael C. Colville, Assistant United States Attorney for said district, and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc., and respectfully submit this Reply Brief in Support of their previously filed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants filed said motion along with a supporting brief on September 11, 2007. In response, Plaintiff argued that: 1) this case is distinguishable from the five previous cases[1] this Court has dismissed relating to the air quality in the UNICOR factory at FCI McKean; and 2) the statute of limitations should have been tolled. For the following reasons, Plaintiff's contentions, while making for interesting reading, simply do not accurately represent the state of the facts or the law. As such, Defendants' motion should be granted, and the Complaint in this case should

---

[1] Michael Hill v. LaManna, 03-323 (W.D. Pa.); Leslie Kelly v. LaManna, 03-368 (W.D. Pa.); Kevin Siggers v. LaManna, 03-355 (W.D. Pa.); Myron Ward v. LaManna, 04-11, (W.D. Pa.); Kenny Hill v. LaManna, 05-160 (W.D. Pa.).

be dismissed with prejudice.

I.   **This Case Is Controlled By The Previous McKean Air Quality Cases Because It Derives From The Same Set Of Facts And Circumstances**

Plaintiff argues that this case must be distinguished from the five previous cases based upon comments he alleges his supervisor, Defendant Perrotti, made to him; and comments Mr. Bevevino, a former employee of the UNICOR factory, made to a personal investigator on September 25, 2007.[2]  Finally, although he provides no evidence, Plaintiff claims that Defendant Forsyth threatened to close the factory if they had to upgrade the factory. Plaintiff's Opposition ¶¶ 3-4.

The shadows of doubt created by Plaintiff's claims, however, quickly evaporate when the light of scrutiny shines upon them.  In fact, even the most cursory review reveals Plaintiff's statements to consist of nothing more than hearsay, unsupported speculation, and blatant falsehoods.  As such, he has provided nothing which would distinguish any material facts in this case from the previous five cases which were decided by this Court.  See Michael Hill v. LaManna, 03-323 (W.D. Pa.); Leslie Kelly v. LaManna, 03-368 (W.D. Pa.); Kevin Siggers v. LaManna, 03-355 (W.D. Pa.); Myron Ward v. LaManna, 04-11, (W.D. Pa.); Kenny Hill v. LaManna, 05-160 (W.D. Pa.).

Nonetheless, and notwithstanding the fact that Plaintiff has submitted no evidence to refute the mountain of evidence showing the lack of dust in the air in the factory between 200

---

[2] As an aside, Defendants note that Plaintiff's investigator, Matthew Psillas, met with Defendant Bevevino without notifying the United States Attorney first, as is required by Title 28 C.F.R. §§ 16.21-16.29.

2

and 2003;³ the statements cited by Plaintiff do not show that the Defendants were aware of facts from which an inference could be drawn that a substantial risk of harm existed, or that they, in fact, drew such an inference prior to making the statements indicated in Plaintiff's Opposition. Farmer v. Brennan, 511 U.S. 825, 837( 1970).  In fact, the evidence submitted in the previous cases, which is equally controlling in this case, revealed that, "the supervisors and staff at FCI McKean's UNICOR facility were unaware of any potential health hazards associated with the dust created by cutting Micor Board prior to the OSHA inspection that commenced in April 2003."   See Michael Hill v. LaManna, 03-323 (W.D. Pa.), Dkt. No. 116 (Report and Recommendation), pp. 17-18 (February 23, 2007).⁴

Most damning to the Plaintiff's case, however, is the fact that UNICOR is a strictly voluntary work assignment.  Id. at 12-13.  This is not an environmental tobacco smoke case, in which Plaintiff has no choice but to be exposed to the dangerous smoke.  See Helling v. McKinney, 509 U.S. 25 (1993).  Instead, Plaintiff chose to work in UNICOR, one of the most coveted work assignments in the institution.  See Michael Hill v. LaManna, 03-323 (W.D. Pa.), Dkt. No. 116 (Report and Recommendation), pp. 12-13 (February 23, 2007). Numerous courts have agreed that voluntarily engaging in dangerous conduct or exposing oneself to a dangerous environment cannot be said to violate the Eighth Amendment.  See , eg. Wooton v. Goord, 2004 WL 816919 (W.D. NY), aff'd 2005 WL 387971 (2nd Cir. 2005); Christopher v. Buss, 384 F.3d

---

³ This evidence was previously submitted, and exists as a matter of record in each of the five aforementioned cases.

⁴Because the five previous cases are virtually identical, references to the record are made only to the lead case, Hill v. LaManna, 03-323.

879, 992-83 (7th Cir. 2004); Haas v. Weiner, 765 F.2d 123, 124 (8th Cir 1985).[5] Plaintiff has presented no evidence, nor could he, which would indicate that he was made to work in the UNICOR factory against his will.

As such, it is clear that this case is virtually identical in every material way, to the previous five cases relating to this matter. In those cases, Plaintiffs were found to be unable to satisfy either the objective or the subjective prongs of the Farmer test. There is absolutely nothing to distinguish the present case from that controlling precedent, and this Complaint must be dismissed.

**II.     There Is No Basis In The Law For Tolling The Two-Year Statute of Limitations**

Plaintiff first alleges that the Statute of Limitations should be tolled because he did not make the connection between his alleged illness and the work conditions in UNICOR until 2004. In fact, nothing could be further from the truth. Contrary to Plaintiff's contention, he need not be given the opportunity to make every possible inference before his action will accrue. Instead, Plaintiff's action accrued when he knew or should have known all the facts which support his claims. Smith v. Holtz, 879 F. Supp. 435, 439 (M.D. Pa. 1995); Holland v. Allied Services for the Handicapped, 1993 WL 668670, *3 (M.D. Pa. 1993).

Based upon Plaintiff's Complaint (Dkt. No. 31), his "Declaration in Opposition to Defendants' Motion to Dismiss" (Opposition) (Dkt. No. 43), and documents attached to and submitted with those documents, the following facts were known to Plaintiff at the time they occurred:

---

[5] These cases were all adopted by the Court in Michael Hill v. LaManna, 03-323 (W.D. Pa. 2007) and its four companion cases.

- Plaintiff began working in the UNICOR factory at FCI McKean in March 2001

- Plaintiff alleges he was the lead panel saw operator

- The panel saw was used to cut Micore/tac board

- Sawing that board produced a finite and quantifiable amount of dust

- Plaintiff was provided a Breath Easy dust mask, and not a respirator

- Material Safety Data Sheets were available in the factory at all times for review by both staff and inmates

- A spot was found on Plaintiff's lung in March 2002

- Plaintiff ended his tenure in the UNICOR factory and was transferred away from FCI McKean in March 2002.

Based upon this recitation, as well as the other documents and evidence submitted by Plaintiff, it is clear that the necessary facts were all known to Plaintiff (or made available to him) prior to his March 2002 transfer from FCI McKean. The fact that he was either unable or unwilling to examine the facts critically and make the necessary inferences required to file a lawsuit is of no consequence to this analysis, and certainly does not serve as a basis for tolling the statute of limitations.[6]

Plaintiff further contends that the Defendants intentionally concealed the risks associated with Plaintiff's work in the UNICOR factory by, "telling plaintiff that he was protected from

---

[6] As an aside, Plaintiff contends that he was not aware of the necessary facts until he met inmate Kenny Hill, Register Number 17110-016, in FCI Petersburg. Inmate Hill, who was one of the five previous Plaintiffs to file litigation in this matter, arrived at FCI Petersburg in August 2004, after his transfer from FCI McKean. See Kenny Hill v. LaManna, 05-160 (W.D. Pa). Plaintiff, however, gives no indication as to when he actually spoke with inmate Hill, or why Plaintiff waited until May 2005, to commence this action.

these dusts with just a dust mask." Opposition ¶ 8. In order to successfully toll the statute under this theory, Plaintiff must be able to show that there was some act of concealment or deceit. Swietlowich v. County of Bucks, 610 F.2d 1162 (circuit and year).

  In making this assertion, however, Plaintiff provides no evidence which would indicate that Defendant Perrotti made the statements in question as alleged, or that these statements were other than truthful. In fact, a review of the previous litigation in this matter reveals that during the period of time in question, Defendant Perrotti's statements most likely presented an accurate representation of the conditions in the UNICOR factory. See Michael Hill v. LaManna, 03-323 (W.D. Pa.), Dkt. No. 116 (Report and Recommendation), pp. 17-18 (February 23, 2007). Based upon the record of the conditions in the factory presented in those cases, it would be preposterous to conclude that Defendant Perrotti's statement constituted even the mildest form of deceit, upon which the statute of limitations could be tolled.

  Put simply, Plaintiff has not, and cannot, provide a colorable argument in favor of tolling the statute of limitations in this case. There is simply no basis upon which to determine that the case accrued any later than March 2002, when Plaintiff was transferred away from FCI McKean. Therefore, the statute would have expired in March 2004, well over a year before Plaintiff filed this action in Federal court. As a result, the Defendants' motion should be granted and this case should be dismissed with prejudice.

### III.  CONCLUSION

  For the reasons stated above, Defendants' Motion to Dismiss should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


/s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7337
PA ID No. 56668

OF COUNSEL:

Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, NW, 8th Floor
Washington, DC 20534

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2007, a true and correct copy of the within **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** has been served either by electronic means and/or first-class mail upon the following:

>William Harrison Alston
>Reg. No. 07273-016
>FCI Petersburg
>P.O. Box 1000
>Petersburg, VA  23804

>/s/ Michael C. Colville
>MICHAEL C. COLVILLE
>Assistant U.S. Attorney