**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM HARRISON ALSTON, )
    Plaintiff,   )
         )
  v.      ) **C.A. No. 05-168 Erie**
         ) **District Judge McLaughlin**
DEBRA FORSYTH, et al.,  ) **Magistrate Judge Baxter**
    Defendants.  )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

   It is respectfully recommended that Defendants' Motion to Dismiss [Document # 38] be granted.

**II.  REPORT**

   **A.  Relevant Procedural History**

   On May 27, 2005, Plaintiff William Harrison Alston, an inmate formerly incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed a *pro se* civil rights Complaint pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). Named as Defendants are: Debra Forsyth, Chairperson of FCI-McKean's Safety and Health Committee ("Forsyth"); Marty Sapko, UNICOR/Industry Factory Manager at FCI-McKean ("Sapko"); Stephen Housler, Safety Manager at FCI-McKean ("Housler"); and James Perrotti, UNICOR/Industry Shop Foreman at FCI-McKean ("Perrotti").

   In his Complaint, Plaintiff claims that Defendants:  (i) were deliberately indifferent to his safety and subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights; and (ii) violated his due process rights under the Fifth Amendment.  As relief, Plaintiff seeks monetary damages.

   On September 11, 2007, Defendants filed a motion to dismiss [Document # 38] claiming that: (i) Plaintiff's claims are barred by the applicable two-year statute of limitations, or, in the alternative; (ii) the identical claims raised by Plaintiff have already been litigated and finally

resolved in favor of Defendants in five substantially similar cases previously filed with this Court.[1]  Plaintiff has filed a "declaration" in opposition to Defendants' motion. [Document # 43], and Defendants have since filed a reply brief in response to Plaintiff's declaration.  This matter is now ripe for consideration.

### B.    Relevant Factual History

From early March 2001 to March 22, 2002, Plaintiff was assigned to work in FCI-McKean's UNICOR factory. (Complaint at ¶ 13).  Plaintiff has alleged that, "throughout [his] assignment to the FCI McKean Unicor, defendants instructed and allowed [him] to work with and around areas where tac-boards 'a.k.a' Micore and Spec-boards are cut, sawed, sanded, machined, touched, stacked, and otherwise handled by plaintiff." (Complaint at ¶ 14).  Plaintiff alleges further that he was "instructed and allowed to blow the floor around machines where Micore boards ha[d] been cut, sawed, sanded and otherwise machined, with air hoses," which he also used to "blow machines off." (Id.).  Plaintiff claims that, after being transferred to another prison, he learned that Micore boards contain "silica sand and mineral fiber," and create "respirable dust containing crystalline silica," which is a "potential occupational carcinogen." (Id.).

Plaintiff asserts that the UNICOR factory's exhaust and ventilation systems were "very poor and out of compliance for the machining, sawing, sanding, blowing, sweeping, cutting and fanning of Micore boards and its dust." (Id.).  Plaintiff asserts further that the only protection provided to him by Defendants was a breathe-easy dust mask, which "[did] not protect against silica, toxic or hazardous air contaminants, other toxic dust, industrial dust, or harmful vapors." (Id.).  Plaintiff also claims that he "was subjected to fumes and vapors which caused him to inhale Lockweld 0861 contact adhesive," which was "seeping into the poorly ventilated

---

[1]

The previous five cases finally decided by this Court were Michael Hill v. LaManna, C.A. No. 03-323 (W.D. Pa.); Leslie Kelly v. LaManna, C.A. No. 03-368 (W.D. Pa.); Kevin Siggers v. LaManna, C.A. No. 03-355 (W.D. Pa.); Myron Ward v. LaManna, C.A. No. 04-11 (W.D. Pa.); and Kenny Hill v. LaManna, C.A. No. 05-160 (W.D. Pa.).

atmosphere within the FCI McKean UNICOR facility." (Complaint at ¶ 15).

Plaintiff alleges that in or around March 2002, "a spot was found on [his] lung through a Cat Scan," and that "[l]ess than a week after this finding [he] was abruptly transferred" from FCI-McKean to another correctional facility. (Complaint at ¶ 13).

### C.      Standards of Review

#### 1.      Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).   The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S.  265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.  See Phillips v. County of

3

Allegheny, ___ F.3d ___, 2008 WL 305025 (3d Cir. Feb. 5, 2008).

### 2.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D.    DISCUSSION

#### 1.    Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions.  However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted).  In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a

4

§ 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996).

When the date on which the cause of action accrued is at issue, however, the courts must apply federal law, which provides that a section 1983 claim accrues "when the plaintiff is aware, or should be aware, of the existence and source of the injury." Oshiver v. Levin, Fishbein, Sedram, & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). This is known as the discovery rule, permitting the accrual date of the statute of limitations to begin when the plaintiff has discovered, or by exercising reasonable diligence, should have discovered, the injury or that the injury has been caused by another party's conduct. Id. Importantly, the claim accrues at the awareness of the injury itself, and not the awareness that the injury creates a legal cause of action. Id. "The plaintiff need not know the exact medical cause of the injury, that his injury is due to another's negligent conduct, or that he has a cause of action." Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991). The "polestar" of the discovery rule is not the plaintiff's actual knowledge, but rather "whether the knowledge was known, or through the exercise of diligence, knowable to [the] plaintiff." Id. at 924(citations omitted).

Here, Plaintiff alleges that he worked in FCI-McKean's UNICOR factory from March 2001, until March 22, 2002. During this time, Plaintiff claims that he "had dust ... all over his person and clothing," and "breathed dust." (Complaint at ¶ 14, p. 5). Plaintiff claims that he asked his immediate supervisor in the UNICOR factory, on a number of occasions, whether the dust created from the Micore boards was dangerous. (Id.). Plaintiff noted that the "ventilation and exhaust system [in the UNICOR factory] was very poor and out of compliance...," and that "fans were often blowing directly above or very near where Plaintiff cut [the boards]". (Id.). Plaintiff claims that the dust created from the Micore boards caused him to suffer "a spot on his lungs, upper respiratory problems, dizziness, pressure in head, wheezing, itchy eyes, itchy skin, physical pain, coughing, hoarseness, a general ill feeling, mental anguish, inability to perform normal activities, as well as other injuries and damages which at this time are not fully known." (Id., p. 6).

Plaintiff claims further that, during his time in the UNICOR factory, he "was subjected to fumes and vapors which caused him to inhale Lockweld 0861 Contact Adhesive," which caused him to suffer "irritation of eyes, headaches, narcosis, irritation to mucous membranes, nausea, drowsiness, shortness of breath, as well as other injuries and damages which are not fully known." (Complaint at ¶ 15).

From the foregoing allegations, it is apparent that, from March 2001 to March 22, 2002, Plaintiff not only breathed and was covered in the dust created by the Micore boards, he was sufficiently concerned about his exposure to the dust that he frequently asked his supervisor whether the dust was dangerous. In addition, Plaintiff observed during this time that the ventilation and exhaust system in the UNICOR factory was, in his estimation, inadequate to remove the dust and fumes. Plaintiff also observed during this time that the dust and fumes to which he was subjected in the UNICOR factory caused him to suffer, *inter alia*, respiratory problems, dizziness, headaches, itchy and irritated eyes, itchy skin, nausea, and drowsiness. Finally, Plaintiff was diagnosed with a spot on his lung in March 2002, and was "abruptly transferred" from FCI-McKean to another correctional facility less than a week later. All of these facts were known to Plaintiff on or prior to March 22, 2002, at which time Plaintiff clearly was aware of his injuries.

The only relevant fact of which Plaintiff claims to have obtained knowledge after his transfer on March 22, 2002, is that the dust produced from the Micore boards contained crystalline silica, a potential carcinogen. However, this fact could easily have been discovered through the exercise of reasonable diligence, given Plaintiff's knowledge of all other operative facts at issue in this case. Thus, the Court concludes that Plaintiff's claim in this case accrued as of March 22, 2002, which means that this action must have been commenced on or before March 22, 2004. Since Plaintiff did not file this action until May 27, 2005, he failed to comply with the applicable two-year statute of limitations, and this case should be dismissed.

## 2.    Controlling Precedent

Even if this case was not barred by the applicable statute of limitations, Plaintiff's

complaint should still be dismissed because the nearly identical factual and legal bases cited by Plaintiff have already been resolved by this Court in favor of the Defendants in five substantially similar cases. (See note 1, infra.). As the Third Circuit Court has recognized:

> The essence of the common law doctrine of precedent or Stare decisis is that the rule of the case creates a binding legal precept. The doctrine is so central to Anglo-American jurisprudence that it scarcely need be mentioned, let alone discussed at length. **A judicial precedent attaches a specific legal consequence to a detailed set of facts in an adjudged case or judicial decision, which is then considered as furnishing the rule for the determination of a subsequent case involving identical or similar material facts and arising in the same court** or a lower court in the judicial hierarchy.

Allegheny General Hospital v. N.L.R.B., 608 F.2d 965 (3d Cir. 1979)(emphasis added).

Since this Court has already rejected the exact same legal argument raised by Plaintiff, based on substantially similar facts, this case should be dismissed.


**III.    CONCLUSION**

_____For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss [Document # 38] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


                                        S/Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        Chief U.S. Magistrate Judge


Dated:  April 7, 2008

cc:    The Honorable Sean J. McLaughlin
       United States District Judge