IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(ERIE DIVISION)

WILLIAM ALSTON,  )
    Plaintiff  )
  )
vs.  )  Civil Action No. 05-168E
  )  Judge McLaughlin
DEBRA FORSYTH, ET AL.,  )  Magistrate Judge Baxter
    Defendants  )
  )

## PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION

Plaintiff, William Alston, Pro-Se, files the following objections to the Magistrate Judge's Report and Recommendation dated April 24, 2008.

1. The Report and Recommendation (pp.6) holds that the plaintiff failed to comply with the two-year statute of limitations. The Plaintiff objects to this holding on the following basis:

    a. *Swietlowich v. County of Bucks,* 610 F.2d 1163 [4], reads:

Pennsylvania Courts hold that the limitation period does not commence in cases of fraudulent concealment until the time of discovery, "if by any act of concealment or deceit, whether before, or at the same time or after the act is committed, the wrongdoer hides from the innocent party the facts which would put him upon inquiry, the statute does not begin to run." The fraud involved need not include an intent to deceive: unintentional deception will suffice and it is the effect upon the plaintiff, not the intention of the defendant, that is pertinen.

It is clear that the Plaintiff asked his supervisor, Defendant Perrotti if the dust created from the Micore was dangerous. Plaintiff's "declaration" in opposition to Defendant's Motion [Document #43] Pg. 3 Footnote 1., complaint pg. 5 ¶ 14, and Exhibit A 1&2 of Document 43. It is also clear that Defendant Perrotti misled and

concealed the truth from plaintiff. He told Plaintiff he was safe from the dust as long as he wore his dust mask. Federal Courts which "borrow" state statute of limitations also borrow their tolling rules. **Board of Regents v. Tomanio**, 446 U.S. 478, 483-86, 100 S.CT. 1790 (1980).

Respectfully, Judge Baxter mistakenly believes Plaintiff could have easily discoverd that the boards contained silica a potential carcinogen with reasonable diligence. Her Honor is expecting a more heightened level of diligence that reasonable from Plaintiff who is in the circumstances of any other prisoner. He could be expected to do no more than ask his supervisors who are responsiable by law for his safety and health, and except that they are being truthful.

When Plaintiff describes the working conditions in UNICOR it is in retrospect after finding out in 2004 that the dust mask did not protect him from the dust of Micore boards like his supervisor, Defendant Perrotti told him (Document 43, Exhibit A1 - A3).

2. The Report and Recommendation (pp.6-7) holds that the Plaintiff's complaint should be dismissed because the nearly identical factual and legal basis cited by Plaintiff have already been resolved bt this court in favor of the Defendants in five similar cases. The Plaintiff objects to this holding on the following basis:

    a. Without discovery being conducted, Plaintiff's case is distinguished from the case the court mention. Plaintiff asserts that his supervisor Defendant Perrotti infromed him that he was safe from Micore board dust as long as he wore his dust mask (Document # 43, Exhibits A1 and A2). Thus complaining on page 5 ¶ 14. Plaintiff has evidence that other staff members knew of these hazards and also Document 43, EXHIBIT C pages 6-7 complaint ¶16. Plaintiff has evidence that UNICOR staff member wrote over the (MSDS) for Micore board. Document 53 Exhibit C ¶1 of Matthew Psillas's cover letter.

There is evidence that Defendant Forsyth threatened to close the factory if hundreds of thousands of dollars had to go into the dust collection system because of the complaints. Document 43 Exhibit C pg. 9. All of this sets Plaintiff's case apart from the others. It cannot be predicted what evidence will unfold if plaintiff is given the opportunity to conduct discovery. Plaintiff also has a corroborating witness who was a **UNICOR STAFF MEMBER**.

 The Magistrate Judge's finding that the Plaintiff did not comply with the two-year statute of limitation and that this court rejected the exact same legal argument raised by Plaintiff is in error.

 WHEREFORE, for the reason stated above, Plaintiff request that the court grant Plaintiff's objections to the Magistrate Judge's Report and Recommendation and deny Defendant's motion.

Respectfully Submitted,

*/s/ William Alston*
Mr. William Alston, Pro-Se
Reg. No.#07273-016
FCC Petersburg(Low)
P.O. Box 1000
Petersburg, VA 23804

CERTIFICATE OF SERVICE

I hereby certify on this 16th day of April, 2008, a true and correct copy of the within Plaintiff's Objection To Report and Recommendation has been served by First Class Mail using FCC Petersburg's Legal Mail System, upon the following:

Michael C. Colville
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Clerk's Office
United States District Court
Western District of Pennsylvania
17 South Park Row
Erie, PA 16501

Respectfully Submitted,

*William Alston*
Mr. William Alston, Pro-Se
Reg. No.#07273-016
FCC Petersburg(Low)
P.O. Box 1000
Petersburg, VA 23804