**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM ALSTON,                       )
                                      )
               Plaintiff,         )
    v.                              )          C.A. No. 05-168 Erie
                                      )
DEBRA FORSYTH, ET AL.,                )
                                      )
              Defendants.        )

## <u>MEMORANDUM ORDER</u>

Plaintiff's civil rights complaint was received by the Clerk of Court on May 27, 2005 and was referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.  In his complaint [31], Plaintiff asserts that his Fifth and Eighth Amendment rights were violated as a result of his exposure, between March 2001and March 2002, to silica sand and mineral fiber while working in and around areas where tac-boards (a.k.a. Micore and Spec-boards) are machined, cut, sanded, and otherwise handled in the UNICOR factory at FCI-McKean.  Plaintiff further claims that he was exposed during this same time to fumes and vapors from Lockweld 0861 Contact Adhesive used within the UNICOR facility.  Plaintiff asserts that, as a result of these exposures, he has suffered physical injuries and is at risk for future health problems.

On September 11, 2007, Defendants filed a motion [38] to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  Defendants' argument for dismissal is twofold.  First, they contend that the complaint must be dismissed "because the legal and factual conclusions surrounding the facts and circumstances giving rise to Plaintiff's Complaint have already been resolved in favor of the Defendants."  (Def.s' Mem. of Law in Supp.

of Mot. to Dismiss [39] at p. 2.)  Second, Defendants argue that Plaintiff's claims are time-barred.

Plaintiff filed on October 29, 2007 a "Declaration in Opposition to Defendants' Motion to Dismiss" [43] in which he takes issue with both of Defendants' arguments and to which he appended certain documents in support of his case.  Thereafter, Defendants filed a reply brief [44] in support of their motion to dismiss.

The Chief Magistrate Judge's report and recommendation [45], filed on April 7, 2008, recommends that the Defendants' Motion to Dismiss be granted for either (or both) of the reasons asserted by Defendants.  The parties were allowed ten (10) days from the date of service in which to file objections.  Plaintiff's objections [46] were filed on April 21, 2008.

Upon de novo review of the foregoing, I conclude that dismissal under Rule 12(b)(6) is not appropriate on either of the grounds asserted by Defendants.  Their first argument for dismissal is that the relevant factual and legal issues in this case – particularly the question of whether the air quality in the UNICOR factory at FCI McKean created a significant health risk in violation of the Fifth and Eighth Amendments – have already been decided in Defendants' favor in previous unrelated litigation.  Here, Defendants are referring to a series of five cases, including *Hill v. LaManna*, No. 1:03-cv-323 (W.D. Pa.), and four others,[1] which were consolidated for purposes of trial, but which were ultimately disposed of at the summary judgment stage after this Court adopted five separate, but virtually identical, Reports and Recommendations issued by Judge Baxter.

---

[1] The other four cases are *Kelly v. LaManna*, 1:03-cv-368 (W.D. Pa.), *Siggers v. LaManna*, 1:03-cv-355 (W.D. Pa.), *Ward v. LaManna*, 1:04-cv-11 (W.D. Pa.), and *Hill v. LaManna*, 1:05-cv-160 (W.D. Pa.).

Defendants contend that the Court's rulings in these prior cases constitute controlling precedent for purposes of the present action. However, they cite no authority for this proposition and, in fact, there is well-established authority to the contrary. *See United States v. Worthon*, 520 F.3d 1173, 1179-80 (10th Cir. 2008) (district court opinions have persuasive value only and are not binding as a matter of law); *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995) (district court opinions are not authoritative as precedent); *Kessler v. Associates Financial Services Co.*, 573 F.2d 577, 579 (9th Cir. 1977) ("Decisions of district courts may persuade other courts by the force of the supporting rationale, but they are not binding in any other case, even before the same judge who rendered the decision, nor upon any other court.") (citation omitted);18-134 Moore's Federal Practice-Civil § 134.02[1][d] (2006) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

In essence, Defendants are arguing for the application of defensive collateral estoppel; however, that doctrine assumes that the party to be precluded has received a full and fair opportunity to litigate the issue in question. *See Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007) ("For defensive collateral estoppel – a form of non-mutual issue preclusion – to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action.") (citing *Parklane Hosiery Co, Inc. v. Shore*, 439 U.S. 322, 328 (1979)). Because Plaintiff was never a party to the previous litigation cited by the Defendants, that condition has not been met here. Furthermore, to the extent *Hill v. LaManna, et al*. constitute persuasive authority, it is noteworthy that those cases were decided at the summary judgment stage, after extensive discovery had been completed, not at the Rule 12(b)(6) stage as is the posture here.

Defendants' second argument for dismissal is that Plaintiffs' claims are untimely. The applicable statute of limitations for Plaintiffs' *Bivens*[2] claims is, by analogy, Pennsylvania's two-year statute of limitations, 42 Pa. C.S.A. § 5524, governing personal injury lawsuits. *See Wooden v. Eisen*, 143 Fed. Appx. 493, 494 (3d Cir. 2005) (noting that a *Bivens* claim in which the plaintiff is alleging personal injury has a two-year statute of limitations) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir.1993)). Under federal accrual principles, a cause of action generally accrues when the plaintiff is aware, or should be aware, of the existence and the source of his injury. *See Oshiver v. Levin, Fishbein, Sedram & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994). Our Circuit Court of Appeals has also recognized that statutes of limitations may be equitably tolled where, e.g., the Defendant has actively misled the Plaintiff or the Plaintiff has in some extraordinary way been prevented from timely asserting his rights. See, e.g., *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.2001) (AEDPA case); *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999) (internal citations omitted) (Title VII case).

Here, Defendants purport to assert the statute of limitations defense under Rule 12(b)(6). The Third Circuit Court of Appeals allows this defense to be considered at the Rule 12(b)(6) stage where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir.2002). A strict reading of the complaint establishes: that Plaintiff worked in the UNICOR factory at FCI-McKean between March 2001 and March 2002, during which time he was exposed to the dust emitted from tac-boards; that he inquired of his supervisor as to the dangerousness of the

---

[2] *See Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

material; that his supervisor shrugged off the inquiries or was otherwise non-responsive; that Plaintiff was diagnosed with a spot on his lung in March of 2002; and that Plaintiff was abruptly transferred thereafter to another federal correctional institution.  Plaintiff alleges other maladies as a result of his exposure to the tac-board dust and Lockweld 0861 Contact Adhesive, among them upper respiratory problems, dizziness, physical pain, general malaise, and "inability to perform normal activities," but it is not precisely clear from his complaint when these symptoms manifested.  He claims that, after transferring out of FCI-McKean, he discovered that Micore boards contain silica sand and mineral fiber, which are potentially carcinogenic.  Taken on their face, we do not believe these allegations conclusively establish that Plaintiff's cause of action accrued outside of the applicable two-year limitations period.

To further complicate matters, the Defendants, while ostensibly invoking Rule 12(b)(6) as the proper basis for dismissal, rely on information outside of the pleadings, including facts established in the case of *Hill v. LaManna*.[3]  At other times in their

---

[3] The Third Circuit Court of Appeals has explained that "[i]In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)).  A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." *Id*. (citing *Burlington Coat Factory*, 114 F.3d at 1426 (emphasis omitted)).  Here, neither the Report and Recommendation from *Hill v. LaManna* nor this Court's order adopting the Report and Recommendation are integral to Plaintiff's claims.

Moreover, we cannot take judicial notice of the information in the Report and Recommendation upon which Defendants rely.  "While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion." *Lum*, 316 F.3d at 222 n.3 (citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 427 (3d Cir.1999).  To the extent we would refer to the appended R&R or adopting order in order to establish facts in this case, we would be converting Defendants' Rule 12(b)(6)

papers, Defendants refer to the Plaintiff's inability to produce evidence in support of his claim, e.g., that the spot found on his lung is causally related to his work in the UNICOR factory. (*See* Def.s' Mem. of Law [39] at p. 8.)   Plaintiff, in turn, has asserted in his "Declaration in Opposition to Defendants' Motion to Dismiss" that it was not until 2004, after he had been transferred from FCI-McKean and consulted with medical personnel, that he was able to attribute the source of his current medical problems to his exposure to silica sand and mineral fiber at FCI-McKean.  He further contends that, while at the UNICOR factory, he was misinformed by his supervisor that the masks provided to inmates would provide adequate protection.

      When matters outside the pleadings are to be considered by the court, the Federal Rules of Civil Procedure require that the defendants' Rule 12(b)(6) motion be converted to a summary judgment motion under Rule 56:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  The Third Circuit has cautioned that "it is reversible error for a district court to convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing."  *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989).

---

motion into a motion for summary judgment.  *Id.* (citing *Southern Cross Overseas Agencies, Inc.*, *supra*, at 427 n. 7).

I recognize that, in opposing the Defendants' motion to dismiss, the Plaintiff has filed a declaration as well as other materials in support of his cause. However, the Defendants' Rule 12(b)(6) motion was never officially converted to a summary judgment motion and it is not clear that Plaintiff has had a full opportunity to develop evidence relative to the accrual of his claims. Furthermore, notwithstanding the fact that extensive discovery was conducted in *Hill v. LaManna*, it not clear to what extent Plaintiff has been provided access to that discovery or been given an opportunity to supplement it.

In sum, this Court views the timeliness of Plaintiff's *Bivens* claims as an issue that is better addressed at the summary judgment stage on a more fully developed record, particularly in light of the limitations Plaintiff faces as a federal inmate proceeding *pro se*.[4]   For these reasons, I decline to adopt the Chief Magistrate Judge's Report and Recommendation filed on April 7, 2008. Instead, after de novo review of the Complaint and the documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the following order is entered:

---

[4] This is not to say that the Court is without discretion to place reasonable limitations on future discovery in this case. In particular, the Chief Magistrate Judge may choose to structure discovery in such a manner as to allow Plaintiff to utilize and supplement evidence previously produced in *Hill v. LaManna, et al.*, while avoiding unnecessary duplication of time and expense.

AND NOW, this 5th Day of June, 2008, IT IS HEREBY ORDERED that the Defendants' motion to dismiss be, and hereby is, DENIED without prejudice to Defendants' right to contest the timeliness of Plaintiff's claims on a more fully developed record.

                                        s/ Sean J. McLaughlin
                                        SEAN J. McLAUGHLIN
                                        United States District Judge

cm:   all parties of record.
       Chief U.S. Magistrate Judge Susan Paradise Baxter